CHARLES C. KNAPP, APPELLEE, V. M. I. FISHER ET AL.,
IMPLEADED WITH ALEXANDER CHENEY, APPELLANT.

FILED JUNE 8, 1899.   No. 8891.

1. **Fraud: PROOF.** Fraud is never presumed, but must be proven.

2. **Fraudulent Conveyances: QUESTION OF FACT.** Whether or not a
transfer of property is fraudulent as to the .creditors of the
vendor is a question of fact to be determined from the evidence
adduced. ·

APPEAL from the district court of Pawnee county. ·
Heard below before STULL, J.   *Affirmed.*

*Conley & Fulton,* for appellant.

*Story & Story, contra.*

NORVAL, J.

On November 20, 1869, Richard C. Fisher was the owner
of the east half of the northwest quarter of section 1,·
township 2 north, in range 10 east of the 6th principal
meridian, and on said day, by warranty deed, he conveyed
said premises, with other lands, to one Adam Christo-
pher, which deed was placed upon record on December
6, 1869.   Mary D'Arcy, now deceased, on November 25,
1873, obtained a judgment in the county court of Jersey
county, in the state of Illinois, against said Fisher and
one John Christopher for the sum of $475.50.   Mary
D'Arcy afterwards brought suit on said judgment in the
district court of Pawnee county, this state, aided by at-
tachment, the premises above described were seized un-
der the writ of attachment, and Fisher being a non-resi-
dent of Nebraska, service by publication was made in the
cause.   On October 19, 1876, Mary D'Arcy obtained judg-
ment in said action against Fisher for ·$624.08 and an
order of the court was entered for the sale of the attached
property.   The land already described was sold by the
sheriff, in pursuance of the said order, to Mary D'Arcy,

which sale was confirmed by the court on April 12, 1877, and on June 11, 1877, the sheriff executed and delivered to her a deed for the property, which deed on the same day was duly recorded in Pawnee county. On August 12, 1887, Mary D'Arcy died, leaving as her only heirs at law her grandson, Alexander Cheney, one of the defendants herein, and a daughter, Mrs. Ann C. Tessee, who inherited said decedent's property. On October 18, 1893, Adam Christopher and wife conveyed said real estate to Charles C Knapp, the plaintiff and appellee herein, and the deed was recorded December 8, 1893. Frank Kamen and wife made a quitclaim deed of the property to Knapp on November 15, 1895, who on February 17, 1896, instituted this suit in the court below to quiet the title to the land hereinbefore mentioned, claiming that the sheriff's deed passed no title to the property to Mary D'Arcy, and that the proceedings upon which it was founded constituted no notice to the plaintiff of her rights in the land, since Adam Christopher was not a party to the attachment suit. Alexander Cheney asserts title to the premises through his grandmother, Mary D'Arcy, deceased, claiming that the deed from Fisher to Adam Christopher was without consideration, and made for the purpose of defrauding Mary D'Arcy and other creditors of said Fisher, and that plaintiff is not an innocent purchaser for value. The decree was for plaintiff, and Cheney appeals.

It is conceded by counsel for the latter if Mary D'Arcy acquired no interest in the premises in controversy prior to her death, appellant has no interest therein, and the decree of the district court should accordingly be sustained. The record before us discloses a perfect chain of title from the United States to plaintiff, which would entitle him to the relief demanded, unless title to the property was acquired by Mrs. D'Arcy by virtue of the sheriff's deed issued in pursuance of the proceedings in the attachment case already mentioned. If Richard C. Fisher at the commencement of that action had no interest in the property subject to attachment, then it is

obvious that no title passed by the sheriff's deed.    Long prior to the levy of the attachment Fisher had conveyed the legal title to the premises to Adam Christopher, plaintiff's grantor.    But it is strenuously insisted that the last conveyance was fraudulent as to the creditors of Fisher. It is true such an issue was raised by suitable averments in the answer and cross-petition of Cheney, but the averments therein upon that subject were denied by the reply of the plaintiff.    The burden was upon Cheney to prove that the property was transferred for the purpose of hindering, delaying, or defrauding creditors.    In the absence of evidence to the contrary, honesty and fair dealing, in all transactions, is to be presumed.    A perusal of the evidence contained in the bill of exceptions fails to reveal that Fisher was indebted to the plaintiff, or to any one else, at the time he executed the deed to the premises to Adam Christopher.    The judgment of Mrs. D'Arcy against Fisher in the county court of Jersey county, Illinois, was not obtained until more than four years after the making of this deed, and the evidence is silent as to the date the indebtedness was contracted on which said judgment was predicated.    It not having been shown that the judgment of Mrs. D'Arcy against Fisher was founded upon a debt which was in existence at the date of the execution of the deed to Christopher, or that Fisher was at that time indebted to any one, he had the undoubted right to make such disposition of his property as he desired, either with or without consideration.    This principle is too familiar to require the citation of authorities to sustain it.    The deed to Christopher conveyed to him the legal and equitable title, and hence Fisher had no attachable interest in the property which was subject to attachment, and the sheriff's deed constituted a cloud upon the title of plaintiff in the premises.    The conclusion announced makes the consideration of the other questions argued by counsel unnecessary.    The decree is

AFFIRMED.